UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DOMINIC MICHAEL MASON,

    Petitioner,      Case No. 1:24-cv-147

v.             Honorable Jane M. Beckering

CATHERINE S. BAUMAN,

    Respondent.
_____/

## OPINION

  This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Dominic Michael Mason is incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. On January 4, 2023, Petitioner pleaded guilty in the Berrien County Circuit Court to one count of reckless driving causing death, in violation of Mich. Comp. Laws § 257.626(4), and one count of reckless driving causing serious impairment or bodily injury, in violation of Mich. Comp. Laws § 257.626(3). On April 10, 2023, the trial court sentenced Petitioner as a second-offense habitual offender, Mich. Comp. Laws § 769.10, to a total of 120 to 270 months' incarceration.

  On February 15, 2024, Petitioner, through counsel, filed his habeas corpus petition raising the following ground for relief:

  I.  [Petitioner] is entitled to habeas corpus relief and resentencing where his Fifth and Fourteenth Amendment rights under the United States Constitution were violated when the Michigan trial court used his pre-arrest silence against him at his sentencing hearing, and inaccurately sentencing him based on this information.

(Pet., ECF No. 1, PageID.3.) Respondent contends that Petitioner's ground for relief is meritless.[1] (ECF No. 5.) For the following reasons, the Court concludes that Petitioner has failed to set forth a meritorious federal ground for habeas relief and will, therefore, deny his petition for writ of habeas corpus.

## Discussion

### I.   Factual Allegations

On January 4, 2023, Petitioner pleaded guilty in the Berrien County Circuit Court to one count of reckless driving causing death, in violation of Mich. Comp. Laws § 257.626(4), and one count of reckless driving causing serious impairment or bodily injury, in violation of Mich. Comp. Laws § 257.626(3). (Plea Hr'g Tr., ECF No. 6-9.) During Petitioner's plea hearing, he testified that on November 27, 2021, he was operating a motor vehicle in Berrien County. Petitioner indicated that he "was following Travis Germain to try to get him to come back with me and driving in a reckless manner caused his death." (*Id.*, PageID.743.) Petitioner admitted to "smashing into [Germain's] car as the vehicles were moving." (*Id.*) Petitioner admitted that at one point, he rammed Germain's car so hard that Germain's car spun out and flipped over, causing Germain's death. (*Id.*) Petitioner also acknowledged that the collision caused bodily injury to Germain's passengers, Ethan McFarland and Dakota Betancourt. (*Id.*, PageID.744.)

The parties appeared before the trial court on April 10, 2023, for Petitioner's sentencing. During that hearing, trial counsel objected to the scoring of Offense Variable (OV) 19, which addresses security threats to penal institutions or courts or interference with the administration of

---

[1] Respondent also contends that Petitioner's ground for relief is unexhausted. (ECF No. 5.) Respondent does recognize, however, that a habeas corpus petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(2).

justice or emergency services. *See* Mich. Comp. Laws § 777.49. Under the statute, a defendant receives 10 points if he or she "interfered with or attempted to interfere with the administration of justice, or directly or indirectly violated a personal protection order." *Id.* § 777.49(c). Counsel argued that OV 19 should be scored at zero, not 10, because there was no factual basis to conclude that Petitioner attempted to interfere with the administration of justice. (Sentencing Tr., ECF No. 6-10, PageID.753–754.) Counsel argued that Petitioner was cooperative and spoke to the police, and that he "went back to the scene on his own accord." (*Id.*, PageID.754.)

In response, the prosecutor noted that OV 19 is "a very broad variable when you're talking about obstruction via the administration of justice." (*Id.*) The prosecutor argued that OV 19 should be scored at 10 points because: (1) Petitioner left the scene; (2) Petitioner did not mention anything about being involved in the incident when he was seen by an officer shortly after the accident; (3) when Petitioner returned to the scene to look for his wallet, he denied being involved several times and stated that his car never touched the victim's car; and (4) Petitioner returned to the scene using a different vehicle. (*Id.*, PageID.754–756.)

The trial court rejected Petitioner's argument, noting that "[i]n our sentencing guideline manual, there are no instructions actually that deal with OV 19." (*Id.*, PageID.758.) The court agreed with the prosecutor that OV 19 was to be "read fairly broadly." (*Id.*) The trial court determined that OV 19 was properly scored at 10 points, noting that "the concealments on the part of the defendant [were] significant and active on multiple levels." (*Id.*) The trial court sentenced Petitioner as a second-offense habitual offender, Mich. Comp. Laws § 769.10, to a total of 120 to 270 months' incarceration.

Petitioner, through counsel, sought leave to appeal his convictions and sentences to the Michigan Court of Appeals. In an order entered on August 31, 2023, the court of appeals denied

leave "for lack of merit in the grounds presented." (ECF No. 6-11, PageID.782.) Petitioner, through counsel, then filed an application for leave to appeal to the Michigan Supreme Court, which the supreme court denied by order entered on January 4, 2024. (ECF No. 6-12, PageID.945.) This § 2254 petition followed.

**II.     AEDPA Standard**

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the

merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotation marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d

652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

### III.   Discussion

Petitioner's sole ground for relief is that the trial court violated his Fifth and Fourteenth Amendment rights by "us[ing] his pre-arrest silence against him at his sentencing hearing, and inaccurately sentencing him based on this information." (Pet., ECF No. 1, PageID.3.) Petitioner argues that his "sentence was based in part upon his denying to the police any awareness of the event prior to his arrest." (ECF No. 1-1, PageID.12.)

6

### A. The State Courts Addressed Plaintiff's Ground for Relief on the Merits

Petitioner raised this ground on direct appeal. Both the Michigan Court of Appeals and Supreme Court denied Petitioner's applications for leave to appeal for lack of merit. Those orders are entitled to AEDPA deference by this Court. *See Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012) (applying AEDPA deference to a Michigan Court of Appeals order stating only that leave to appeal was denied "for lack of merit in the grounds presented" (citing *Harrington*, 562 U.S. at 99–100)); *see also Smith v. Cook*, 956 F.3d 377, 386 (6th Cir. 2020) (noting that the *Harrington* presumption of a merits adjudication "prevails even when the state court's opinion wholly omits discussion of the federal claim"). For the reasons discussed below, Petitioner fails to demonstrate that the state courts' rejection of this ground for relief is contrary to, or an unreasonable application of, clearly established federal law.

### B. Plaintiff's Challenge to the Application of the Sentencing Guidelines is a State-Law Issue

As an initial matter, claims concerning the improper application of, or departures from, sentencing guidelines are state-law claims that are typically not cognizable in federal habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373–74 (1982) (discussing that federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301–02 (6th Cir. 2000) (holding that the alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Petitioner's habeas challenge is, at its heart, a challenge to the application of the state-law sentencing guidelines. (Pet'r's Br., ECF No. 1-1, PageID.31 ("The facts in this case did not warrant this scoring of ten points under OV 19 . . . .").) Therefore, it is not cognizable on habeas review. To avoid that limitation, Petitioner attempts to convert his state-law sentencing claim into a federal constitutional claim in two ways: (1) he claims his sentence was based on misinformation of a

7

constitutional magnitude; and (2) he claims the sentence violated his Fifth and Fourteenth Amendment right against self-incrimination because it is based upon Plaintiff's prearrest silence. (Pet'r's Br., ECF No. 1-1, PageID.25.)

### 1. Misinformation of a Constitutional Magnitude

A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988); *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984).

Petitioner does not identify any "false" information that was before the sentencing court. Rather, he contends that the court erred in applying the statute to the accurate facts. Accordingly, Plaintiff has failed to demonstrate that his sentence was based upon material misinformation of constitutional magnitude and, for that reason, violates due process. *See, e.g.*, *Brown v. Rewerts*, No. 19-1771, 2020 WL 8073624, at *2 (6th Cir. Sept. 1, 2020) (noting that "Brown failed to identify any facts found at sentencing that were based on materially false information[; therefore, r]easonable jurists would agree that Brown's claim regarding the trial court's compliance with Michigan's scoring process and the resulting sentencing guidelines calculation asserts only a matter of the application of state sentencing laws"); *Hrrahman v. Rivard*, No. 17-1862, 2017 WL 7036543, at *2 (6th Cir. Dec. 21, 2017) ("The district court correctly determined that Hrrahman did not identify any facts found by the trial court at sentencing that were materially false or based on false information." [Thus,] Hrrahman failed to demonstrate that his sentence violated due process."). Accordingly, Petitioner is not entitled to habeas relief on this ground.

## 2. Violation of the Privilege Against Self-incrimination

The Fifth Amendment, made applicable to the states through the Fourteenth Amendment, commands that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." *See* U.S. Const. amend. V. The Supreme Court has held that "the availability of the [Fifth Amendment] privilege does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites." *In re Gault*, 387 U.S. 1, 49 (1967). The privilege applies so long as a defendant's compelled statements or testimony could result in further incrimination or punishment. *See Mitchell v. United States*, 526 U.S. 314, 326 (1999).

The Fifth Amendment, through the Fourteenth Amendment, does not prevent the state from ever using an accused's words against the accused. Rather, it "secures against state invasion . . . the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will and to suffer no penalty . . . for such silence." *Malloy v. Hogan*, 378 U.S. 1, 8 (1964). The amendments protect a person from compelled self-incrimination. A person may voluntarily incriminate themselves with no constitutional bar. That is what Petitioner did here.

The argument and decision regarding OV 19 takes up six pages of the sentencing transcript. (Sentencing Tr., ECF No. 6-10, PageID.753–758.) The prosecutor detailed the series of lies Petitioner told to police at the crime scene. (*Id.*) The trial court then concluded "that the concealments on the part of the defendant [were] significant and active on multiple levels[; s]o I do find OV 19 properly scored at 10." (*Id.*, PageID.758.) In short, based on Petitioner's lies, the trial court concluded that Petitioner had "interfered . . . with the administration of justice." Mich. Comp. Laws § 777.49.

Petitioner makes clear that his challenge is focused on the use of his "pre-arrest silence." (Pet., ECF No. 1, PageID.3.) There is no suggestion that he was in the coercive atmosphere of

9

custody or that he was compelled to speak in any way, nor was he silent. Although the trial court described the interfering conduct as "concealments," they were not concealments by silence—they were concealments by telling lies. There is simply nothing in Petitioner's argument or the state court record that even suggests that Petitioner did anything other than choose to speak in the unfettered discretion of his own will. Therefore, there can be no Fifth or Fourteenth Amendment violation here. Petitioner has failed to show that the state appellate court's rejection of Petitioner's challenge is contrary to, or an unreasonable application of, clearly established federal law. Accordingly, he is not entitled to habeas relief.

### IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full

merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claim. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's denial of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a Judgment denying the petition, as well as an Order denying a certificate of appealability.

Dated:     October 3, 2024                           /s/ Jane M. Beckering
                                                     Jane M. Beckering
                                                     United States District Judge